No. 10,566.

NORTH AMERICAN ACCIDENT INSURANCE CO. *v.* COCHRAN.

Decided February 4, 1924.

Action on an accident insurance policy.  Judgment for plaintiff.

*Affirmed.*

1. INSURANCE—*Accident Policy—Construction.*  An insurance policy is the contract between the parties, and is to be interpreted or construed the same as other contracts, and as a whole.

2.     *Policy—Construction.*  A policy of insurance should be construed favorably to the insured in case of doubt or ambiguity.

3.     *Policy—Conflicting Provisions—Construction.*  Where language in one part of an insurance policy is in apparent conflict with language in another part favorable to the insurer, the contract must be given that construction most favorable to the insured.

4.     *Policies—Conditions and Exceptions.*  It is competent for an insurance company to insert in an insurance contract reasonable conditions and exceptions, and thereby to qualify or limit recovery in a given case, but such conditions and exceptions must be set forth in language which is certain and unambiguous.  Uncertainty and ambiguity existing, the construction will be against the insurer and in favor of the insured.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Messrs. LEE, LOUGHRIDGE & HEALY, for plaintiff in error.

Messrs. ALLEN & WEBSTER, Mr. L. H. DRATH, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

UNDER an accident insurance policy, in the principal sum

of $10,000, issued to him by the defendant company, the plaintiff recovered $7,575.00 for injuries sustained as the result of an accidental gunshot wound of his foot which necessitated dismemberment above the ankle joint. The defendant does not deny liability, but says that it is not liable for the sum awarded under the schedule of injuries clause of the policy relied upon by plaintiff, because, in the absence of an election by him of the indemnity thereby provided, which was not made, he is confined to the indemnity provided for in another, the weekly indemnity, clause. The decision depends upon the meaning of the following clauses and provisions of the insurance policy. Under "Schedule of Injuries" we find this language: "The amounts stated in the following Schedule of Injuries are payable under this Policy if issued for Five Thousand Dollars, Principal Sum, proportionate amounts being payable if the Policy is issued for a larger or smaller Principal Sum.

Dismemberment by Actual Separation At or Above the Ankle Joint of * * * One Hand or one Foot, $2,500.00."

In article 6 provision is made for additional benefits, without increase in the premium, if the same is paid annually in advance, to the extent, for the fifth year, of 50 per cent to be added to the respective sums payable as provided in the foregoing schedule of injuries. In the policy is a further provision that the accumulation provisions of article 6 shall take effect as though the policy was dated December 19, 1914, although its actual date was December 19, 1919.

The parties are in accord that plaintiff would be entitled to a recovery of $7,500, if these stated provisions of the policy govern and are the only ones bearing upon the issue. Unquestionably these three separate clauses or parts of the policy, taken together, constitute a direct, positive, unconditional promise to pay the sum of $7500, upon the happening of the specific injury, and another provision contains a promise to pay $75.00 for a necessary surgical operation, dismemberment of the foot. But the defendant contends that the effect and operation of the foregoing provisions are

qualified by article 4 of the policy, entitled: "Optional Indemnity" which reads: "Article 4. Or, if the Insured suffers total disability and if, during the period of said total disability and within two hundred weeks from the date of the accident, the Insured suffers, as the direct result of the bodily injury causing the said total disability and independently and exclusively of all other causes, one of the injuries defined in the Schedule of Injuries; or, if within ninety days from the date of the accident, irrespective of total disability, the Insured suffers in like manner one of the said injuries—the Insured may elect to receive the amount of indemnity set opposite said injury in the said schedule, together with the weekly indemnity for the period between the date of the accident and the date that the Insured suffers the injury defined in the said schedule in lieu of all other indemnity under this Policy except Surgeon's Fees and Hospital Charges to which he may be entitled; provided that written notice of his election is given to the Company at its home office in Chicago, Illinois, within thirty days from the date that the Insured suffers any injury defined in Section 1 of the said schedule and within ten days from the date that the Insured suffers any injury defined in Section 2 of the said schedule; provided further that not more than one of the said amounts so named shall be payable under this Article for bodily injuries resulting from one accident."

The insurance policy is the contract of insurance of the parties. It is to be interpreted or construed the same as other contracts, and as a whole. It should have a reasonable, not a hypercritical or ingenious, construction intended or calculated to defeat the object for which it was made. Indemnity is the object sought by the insured, and the premiums provided for constitute the object which the insurer has in view. Another familiar rule is that a policy of insurance should be construed favorably to the insured in case of doubt or ambiguity. It has been well said by a learned judge that this rule should not be permitted to have

the effect of making a plain agreement ambiguous, and then to interpret it in favor of the insured. Where, however, there is doubt, ambiguity or inconsistency, the courts quite uniformly say that, inasmuch as the insurer prepares these policies, with which the insured has nothing whatever to do, it is only reasonable and just to resolve the doubt or ambiguity against the insurer and for the insured. *Jennings v. Brotherhood Acc. Co.,* 44 Colo. 68, 96 Pac. 982, 18 L. R. A. (N. S.) 109, 130 Am. St. Rep. 109.

Applying these familiar rules of construction, which have been enforced consistently by this court, we find that the schedule of injuries clause, and the accumulation clauses of the agreement making the same take effect as though the policy had been dated December 19, 1914, constitute a direct, positive, unconditional promise by the insurer to pay the insured, in the contingency specified, the sum of $7,500, and another clause provides a fee of $75.00 surgeon's fee for an operation on the foot.

Article 4, concerning optional indemnity, if it applies to this case—barring waiver or estoppel—seems to provide that such a recovery can be had only in event that the plaintiff exercises the option to take a fixed sum instead, or in lieu, of all other indemnity, except surgeon's fees and hospital charges, and gives the proper notice to the insurer. Article 4 is in apparent conflict with the other provisions recited; the former being conditional and subject to the exercise of an option; the latter being absolute and unconditional.

First, we observe that article 4 is not applicable to the recovery sought here, as it contemplates, and includes, only those cases where recovery is sought, not merely for the sum fixed by the schedule of injuries and the accumulating provisions of the policy—which is the limit of recovery the plaintiff seeks—but also for the weekly indemnity in addition thereto, as provided for in another part of the policy, the right to which plaintiff disclaims. For this reason the plaintiff's recovery of the fixed or gross sum should not be

defeated because he did not exercise the written option required by article 4.

But, if the rights of the parties are to be determined by construing articles 4, 6 and the schedule of injuries together, each qualifying or modifying the other, then it is apparent that we have a case where different parts or clauses of the same policy are inconsistent and in conflict. That being so, according to the usual rule followed in this state and by the courts generally, the construction favorable to the insured is adopted, even though a different construction favorable to the insurer might be reached. We are constrained to say, under the undisputed facts and as the result of our construction of these apparently conflicting provisions of the policy, that the plaintiff is entitled, without exercising the option given by article 4, to recover, as he did below, the fixed or gross sums provided for by the other clauses or articles of the policy for the injury which he sustained. In *Pacific Mutual Life Ins. Co. v. Alsop*, 191 Ind. 638, 134 N. E. 290, the court said that where language in one part of the policy favorable to the insured is in apparent conflict with language in another part favorable to the insurer, it merely creates an ambiguity which calls for the application of the general rule prevailing in this country, that when the meaning is doubtful or ambiguous, the contract must be given that construction which is most favorable to the insured.

The parties have not cited, and we have not found, any decision on such provisions as are used in this policy. They differ as to the reason for the absence of any adjudication in point; the plaintiff intimating that hitherto no insurance company has had the audacity to ask a court to relieve it from liability to pay the gross sum which the schedule of injuries declares shall be paid, the defendant suggesting that possibly no other company has in its policy similar provisions, and that no other insured has ever had the effrontery to claim the fixed sum without exercising the option given to him. Unquestionably it is competent for an in-

surance company to insert in an insurance contract reasonable conditions and exceptions, and thereby to qualify or limit recovery in a given case. It would not have been a difficult task for the insurer to make it plain that the gross sum provided in the schedule of injuries should in no case be paid unless the insured exercises the option mentioned and gives written notice thereof to the insurer. It has not done so in this policy. These different provisions, to say the least, construed together, as they should be, make it doubtful as to what was intended. By its terms article 4, relating to optional indemnity, applies only where the insured seeks to recover a fixed sum, and *also* weekly indemnity. That is not what the plaintiff is seeking here. He disclaimed the right to weekly indemnity when he based his cause of action upon the promises contained in the schedule of injuries, in connection with the other associated clauses, which allowed him for the injury he sustained, the gross sum which was awarded to him by the trial court. This optional indemnity, the schedule of injuries and the accumulating clauses of the policy are not in close connection, but are separated and found in different parts or pages of the printed policy. The applicant for the insurance might well have believed, when he read the schedule, and accumulating, provisions, that he would be entitled to specific or gross sums without any election, if he suffered an injury described in the schedule. We are satisfied that there was such uncertainty and ambiguity in the language which the insurer selected and placed in this policy, that it requires us to give to the various clauses in question the construction most favorable to the plaintiff. Doing so, we hold that he has rightly based his right of recovery upon the indemnity provided in the schedule of injuries and other associated parts of the policy mentioned. An exercise of the option given in article 4 was unnecessary.

The judgment is accordingly affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.