No. 15,585.

ROYAL INDEMNITY COMPANY *v.* MARKLEY, DOING BUSINESS AS M. & M. TRUCK COMPANY.

(178 P. [2d] 672)

Decided March 17, 1947.

Messrs. BANCROFT, BLOOD & LAWS, for plaintiff in error.

Messrs. WOLVINGTON & WORMWOOD, for defendant in error.

*In Department.*

MR. JUSTICE STONE delivered the opinion of the court.

ROYAL INSURANCE COMPANY, as insurer, issued a policy of insurance covering a truck in which policy Jacob Suppes Oil Company, owner of the truck, was the named insured. Thereafter, the oil company entered into written lease agreement with S. A. Markley, whereunder Markley took possession and control of the truck. In the course of the operation of the truck it became involved in an accident as a result of which suit was brought against Markley. Royal Insurance Company having denied liability under its policy, Markley brought this action against it to recover the amount paid in settlement of the claim and expenses. Markley had judgment in the trial court which is presented here for review by the insurer.

The one question properly here raised for determination is whether or not plaintiff Markley was an additional insured within the meaning and intent of the so-called omnibus clause contained in the policy. This clause provided, "III. *Definition of 'Insured.'* The unqualified word 'insured' wherever used in coverage A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured."

The term of the written lease under which Markley had possession of the truck was "for the period of not less than six months;" it could be canceled only on fifteen days' written notice, and it provided that the

leased vehicle should be under the complete control of the lessee. Under these facts, it is contended on behalf of the insurer that Markley's use of the truck was not "with the permission of the named insured" under the meaning and intent of the policy, in that the right to complete control of the truck given to Markley under the lease made his possession thereunder one of contract and absolute right rather than one of mere permission; that the word "permission" implies power or authority to refuse; that it is the extension of an agency to the person using the vehicle and exists only when the named insured retains the right of control and can determine when, where and how it shall be used and can terminate such use at will. In support of this contention counsel quote from Appleman on Automobile Liability Insurance, page 123, as follows: " * * * When the insured sells the automobile or gives a third person an absolute right to use the vehicle, by contract, * * * the vendee or lessee has an absolute right to use the automobile and permission is properly ineffective to either give or deny possession. The better rule has been, under those circumstances, to deny protection to the lessee or vendee." However, none of the authorities cited in the text supports this rule. All of them involve cases where the title of the vehicle has been transferred, or, as a result or conditional sale, is retained merely as security. No cases directly in point have been called to our attention in the briefs, and we have discovered none in our search.

In *Associated Indemnity Corp. v. McAlexander,* 168 Tenn. 424, 79 S.W. (2d) 556, the employer, owner of an automobile, was the named insured in a policy issued thereon. By agreement between the employer and an employee, the latter paid for the maintenance and upkeep of the car, in consideration of the right of the employee to use the car after business hours for his personal business or pleasure. While being so used by the employee, an accident occurred, as a result of which suit was brought against the insurer on the policy, and

it urged as a defense that at the time of the accident the automobile was not being used with the permission of the named insured, but, on the contrary, was being operated under a special contract with him. The policy there involved contained not only a similar omnibus clause to that with which we are here concerned, but also included an express exception from liability while the car was operated for rental or livery use. The court held that the contractual arrangement for use by the employee did not constitute a rental use under the terms of the policy and that under such contract-use the employee was an additional insured within the intent of the omnibus clause.

The case of *Ocean Acc. & Guar. Corp. v. Bear*, 220 Ala. 491, 125 So. 676, involved a car which was owned by an employee and was used in the business of the employer in consideration of the furnishing of gas and oil by the latter. Under a policy in which the employer was the named insured, it was held that the employee was an additional insured and was protected by the policy in his use of the car. The fact that the right of the employee to use the car for his personal ends was contractual, was held not to prevent its being permissive.

■■ The ultimate question here is the definition of the word "permission" as used in the omnibus clause of the policy. The word is defined in Webster's International Dictionary as: "1. Act of permitting; formal consent; authorization; leave; license or liberty granted. 2. Leave of absence; esp., military leave." Nothing contained in this definition, or in any other which we have found, suggests the limitation of meaning here urged by the insurer, that a permissive use means by its very terms, use revocable at will. The verb "permit" is "Derived from the Latin word 'permittere,' which means to concede; to give leave; to grant. It is a word of considerable elasticity. It lacks clear-cut and precise definiteness." 48 C.J. 924. The limitation in meaning here urged

in behalf of the insurer does not appear from the derivation of the word. In its Latin use it was broad enough to include permanent, as well as revocable, authority as in Cicero's phrase "permissu legis" (quoted, Harper's Latin Dictionary). The verb "permit" is properly used in reference to a permanent authority as, "The law permits the sale of such drugs." New Century Dictionary. The noun "permit" is used not only in the narrow sense of authority which may be terminated at will, but also in the sense of authority for a definite period, as in section 14, chapter 15, '35 C.S.A., which provides for a permit to do business, and in section 80, chapter 73, '35 C.S.A., which provides for permits for taking of game and fish. The most that can be said for insurer's contention is that the word "permission" might be used in the narrow sense of authority terminable at will, or that it might be used in the more inclusive sense of authority of contractual or legal basis. Such being the case, under common rules of construction as applied to an insurance policy, it must be construed against the company and in favor of the insured. As was said in *Bachman v. Independence Ind. Co.*, 214 Calif. 529, 6 P. (2d) 943, "The peculiar circumstances of this case tend somewhat to obscure the issue. The problem, as hereinbefore pointed out, is simply one of construction of the policy. The construction we have adopted to uphold the judgment of the trial court is both possible and reasonable. Broader language could hardly have been used in the policy. If the insurer desired to place any limitations upon its liability to cover this situation, it had the opportunity to do so. Having prepared its policy, any ambiguity, if one exists, must be construed against the company."

Upon oral argument of the case in this court counsel for plaintiff in error sought to raise another point, to wit: that the use of the truck by lessee was a departure from that permitted under the policy. This contention was neither discussed nor mentioned in the brief; it was not specified as a point of error here; and

it was not raised in the pleadings, nor brought out in the stipulated facts upon which the case was determined in the trial court. To consider it now not only would require delaying the cause by giving opposing party time for answer, filing of supplemental briefs, and permission for further argument, but also would require us to make a finding of fact on an issue not raised or considered in the trial court. Such point cannot now be considered.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE HAYS concur.