■ STATE FARM FIRE AND CASUALTY COMPANY, Respondent, v TRENT E. WOLFORD, Appellant, et al., Defendants.—Judgment unanimously affirmed, without costs. Memorandum: This declaratory judgment action was instituted to determine whether plaintiff is obligated to defend and/or indemnify defendant Mark Platten in an underlying negligence action in which Platten is a defendant. Wolford, plaintiff in the underlying action, contends on appeal that the issue of liability should await a determination in the primary action. We disagree. A declaratory judgment action is an appropriate remedy where resolution of the matter in dispute is determinative of the insurer's liability to defend and indemnify its insured for potential judgments (see, *Prashker v United States Guar. Co.,* 1 NY2d 584, 591; *Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, lv denied 44 NY2d 646).

In the underlying negligence action, Wolford alleged a cause of action against Mark Platten for wrongful entrustment of his automobile to his brother John Platten, for which Mark Platten seeks to have his homeowner's insurance carrier defend and indemnify. We find that the accident arose out of the operation of a motor vehicle by John Platten, who, because he resided with his brother at the time of the accident, is within the policy's definition of the term "insured". Special Term properly declared that the plaintiff is not obligated to defend and indemnify Mark Platten in the underlying action because a provision in his homeowner's policy specifically excludes coverage for "bodily injury or property damage aris-

ing out of ownership, maintenance, use \* \* \* [of] a motor vehicle owned or operated by, or rented or loaned to any insured" *(see, Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, *affd* 61 NY2d 665; *see also, Ruggerio v Aetna Life & Cas. Co.,* 107 AD2d 744). (Appeal from judgment of Supreme Court, Genesee County, Flaherty, J.—summary judgment, declaratory judgment.) Present—Dillon, P. J., Denman, Green, O'Donnell and Schnepp, JJ.