**REPUBLIC INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Robert H. JERNIGAN, and Gayle S. Jernigan, Defendants-Appellees.**

**No. 84CA0068.**

Colorado Court of Appeals, Div. I.

Nov. 21, 1985.

As Modified on Denial of Rehearing Dec. 12, 1985.

Certiorari Granted (Republic) May 5, 1986.

Henderson & Streelman, Jack D. Henderson, Denver, for plaintiff-appellant.

Allen, Rogers, Metcalf & Vahrenwald, Donald E. Johnson, Jr., Fort Collins, for defendants-appellees.

PIERCE, Judge.

Republic Insurance Company (Republic) appeals from a trial court judgment finding that coverage existed under Republic's insurance policy as to Gayle S. Jernigan (Mrs. Jernigan), but finding that no coverage existed under the policy as to her husband, Robert H. Jernigan (Mr. Jernigan). We affirm in part and reverse in part.

A homeowner's insurance policy issued by Republic to the Jernigans was in full force and effect on April 26, 1982, when the Jernigans' dwelling and personal property were damaged by fire and smoke. Republic denied coverage to the Jernigans on the grounds that they had breached the terms and conditions of the insurance policy in that Mr. Jernigan had unlawfully and intentionally set fire to the dwelling and that the Jernigans had intentionally concealed or misrepresented the extent and value of the loss to their dwelling and personal property.

Republic commenced an action for declaratory judgment and a five-day trial ensued. Although the trial court found that Mr. Jernigan had intentionally set the fire, it further found that:

"There was no intentional or fraudulent representation of a nature whereby coverage should be voided ... [t]here was no concealment ... [t]here was no misrepresentation in regard to the cost of repairs to the dwelling that was intentional, purposeful, or fraudulent ... [there was no intent] to defraud or misrepresent...."

### I.

Republic first contends that the record does not support the court's finding that Mrs. Jernigan did not intentionally

misrepresent the cost of repairs to her home and the value of the damage to personal property. Republic's contention specifically focuses on the element of Mrs. Jernigan's intent to conceal or misrepresent the costs and values. Yet Republic concedes that factual findings of the trial court, sitting without a jury, are not to be disturbed on appeal unless they are clearly erroneous and unsupported by the record. *See Gebhardt v. Gebhardt,* 198 Colo. 28, 595 P.2d 1048 (1979). Though the evidence is controverted, the trial court's findings are not clearly erroneous and are supported by the record. We therefore affirm its findings. *See Western Assurance Co. v. Bronstein,* 77 Colo. 408, 236 P. 1013 (1925).

## II.

Republic also argues that Mrs. Jernigan is not entitled to coverage when the spouse is found to have intentionally set the fire. *Commercial Union Insurance Co. v. State Farm Fire & Casualty Co.,* 546 F.Supp. 543 (D.Colo.1982), is persuasive when applied to this argument.

■ The court in *Commercial Union* addressed this question, applied Colorado law, and analyzed the two distinct lines of authority. There the court concluded that the rights and obligation under a homeowner's insurance policy, similar in pertinent part to the policy here, are several and not joint. Therefore, an innocent spouse may recover even though the co-insured spouse is at fault. *Commercial Union Insurance Co. v. State Farm Fire & Casualty Co., supra.*

■ Similar to the situation in *Commercial Union,* Mr. and Mrs. Jernigan were listed as the "named insured," the policy defined "insured" as including resident relatives, and there was no language in the policy indicating that it was issued to a single entity, nor was there any language stating that the misconduct of any insured would void the policy. Therefore, as in *Commercial Union,* the trial court here properly found that the rights and obligations under Jernigans' policy were several, and therefore, Mrs. Jernigan was entitled to recover.

Furthermore, as did the court in *Commercial Union,* we find that inasmuch as the only benefit to the arsonist husband was an indirect one, the equities balance in favor of payment to the innocent spouse and children.

## III.

Finally, Republic argues that Mrs. Jernigan should be limited to a recovery of one-half of the amount of damages sustained. We agree.

The homeowner's policy involved here states as follows:

"Even if more than one person has an insurable interest in the property covered, we shall not be liable ... to the insured for an amount greater than the insured's interest...."

■ There is no dispute in the record that Mrs. Jernigan and her husband held ownership in the property in joint tenancy. Until a joint tenancy is severed, each joint tenant owns an undivided interest in the property as a whole. *First National Bank v. Energy Fuels Corp.,* 200 Colo. 540, 618 P.2d 1115 (1980). Under the facts of this case, the joint tenancy remains intact as it has not been severed by destroying one of the four necessary unities of time, title, interest, and possession. *See First National Bank v. Energy Fuels Corp., supra.* Therefore, Mrs. Jernigan still holds an undivided one-half interest and is entitled only to one-half of the damages claimed. *Commercial Union Insurance Co. v. State Farm Fire & Casualty Co., supra.*

■ Exclusionary clauses in insurance contracts must be interpreted in favor of the insured. *United Fire & Casualty Co. v. Day,* 657 P.2d 981 (Colo.App.1982). Republic limited its liability up to the "insured's interest," not to some fraction of the policy limits. Therefore, Mrs. Jernigan may recover up to a one-half interest in the property, i.e., one-half of the value of the

damaged dwelling, other structures, and personal property; limited of course by the total policy limits.

The judgment is affirmed, with the exception of the damage award, and the cause is remanded for amendment of the judgment to reduce the amount of the damages by one-half.

KELLY and BABCOCK, JJ., concur.