Reyes CHACON, Sarah T. Chacon and Nicholas Chacon, Through his next friend, Reyes Chacon, Plaintiffs–Appellants,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation licensed to do business in Colorado, Defendant–Appellees.

No. 86CA0939.

Colorado Court of Appeals, Div. II.

May 12, 1988.

Rehearing Denied June 16, 1988.

Certiorari Granted (Chacon) Oct. 31, 1988.

Starrett and Doyle, Robert A. Starrett, Stephen P. Doyle, Denver, for plaintiffs-appellants.

Dickinson, Herrick–Stare and Hibschweiler, P.C., Gilbert A. Dickinson, Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs, Reyes and Sarah T. Chacon (the parents) and Nicholas Chacon (the son), appeal a summary judgment holding that their homeowners' policy with defendant, American Family Insurance Company (insurer), limited coverage for the liability of the parents for the intentional conduct of their son to a $250 supplemental coverage. We affirm.

This case arose when the ten-year old son and others vandalized a school, causing damages in excess of $6,000. The school district's insurance carrier paid the school under its policy and then brought action against the parents under § 13–21–107(1), C.R.S. (1987 Repl.Vol.6A), which allows a school district to recover damages in an amount not to exceed $3,500 from the parents of a minor under the age of 18, living with such parents, who willfully damages property belonging to the district. Judgment by default was entered against the parents in the amount of $3,492.21, the amount attributable to the vandalism of their son.

Thereafter, the parents filed a claim with insurer for the damage caused by their son. The insurer denied coverage based on an exclusion clause for any property damage "which is … intended by any insured."

The Chacons then filed this action against insurer for (1) breach of contractual duty to defend, settle, or indemnify, (2) negligent failure to defend, settle, or indemnify, (3) bad faith breach of the insurance contract, and (4) outrageous conduct. Insurer denied liability based on the above exclusion clause in the policy but tendered $250 which was the limit in a policy supplement for intentional conduct of an insured. Cross-motions for summary judgment on the coverage issue were filed, and the trial court entered judgment in favor of the Chacons, but only for the $250 provided for in the supplemental coverage clause. This appeal followed.

The Chacons assert that the trial court erred in limiting their recovery to that available under the supplemental coverage provisions of the policy. They argue that the use of the broader term "any insured" in some parts of the policy contrasts with the use of the more restrictive term "insured" in other parts and thereby creates an ambiguity. We do not agree.

Where the terms of an insurance policy are plain and unambiguous, a court may not limit the effect of the contract as written. *Gulf Insurance Co. v. State*, 43 Colo.App. 360, 607 P.2d 1016 (1979). Further, the provisions of an insurance contract must be read together and considered as a whole. *Worsham Construction Co. v. Reliance Insurance Co.*, 687 P.2d 988 (Colo.App.1984). Also, an insurance company can exclude certain risks or limit coverage so long as public policy is not violated. *New York Life Insurance Co. v. West*, 102 Colo. 591, 82 P.2d 754 (1938).

The policy at issue here defines "insured" as follows:

"A. Insured means you or your relatives or residents of your household. It also means any other person under the age of 21 in your care.…"

The general liability provision of the policy provides that:

"[Insurer] will pay up to our limit of liability, all sums for which *any insured* is legally liable because of *bodily injury*

*or property damage* covered by this policy. (emphasis in original)

The relevant exclusion clause reads:

"EXCLUSIONS—SECTION II

1. Coverage D—Personal Liability and Coverage E—Medical Expense do not apply to bodily injury or property damage:

   a. which is expected or intended by *any insured.*" (emphasis added)

Since this is a case of first impression in Colorado, we find guidance in *Traveler's Insurance Co. v. Blanchard*, 431 So.2d 913 (La.App.1983), where the issue, remarkably similar to our case, was whether coverage for the intentional acts of the named insured's son was excluded based on a distinction between the use of the terms "the insured" and "an insured."

We agree with the holding in *Traveler's* that "the exclusion is not restricted to intentional acts of the particular insured sought to be held liable, but broadly excludes coverage for all intentionally caused injury or damages caused by an insured person." Therefore, the trial court properly invoked the intentional conduct exclusion as the basis for limiting the Chacons' recovery under the policy to the $250 permitted by the supplemental coverage provision.

Summary judgment was proper since there was no genuine issue as to any material fact and the insured was entitled to prevail as a matter of law. *Norton v. Leadville Corp.*, 43 Colo.App. 527, 610 P.2d 1348 (1979).

Judgment affirmed.

SMITH and STERNBERG, JJ., concur.