Reyes CHACON, Sarah T. Chacon, and Nicholas Chacon, through his next friend, Reyes Chacon, Petitioners,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, licensed to do business in the State of Colorado, Respondent.

No. 88SC330.

Supreme Court of Colorado, En Banc.

March 5, 1990.

Rehearing Denied April 2, 1990.

American Family Mutual Insurance Company (American Family). We granted certiorari to consider whether a homeowner's policy, which contains a severability clause, may exclude coverage to an insured, based upon the actions of a co-insured. The court of appeals held that, pursuant to the policy's "intentional act" exclusion, the intentional act of any insured precluded recovery by all insureds. *Chacon v. American Family Mutual Ins. Co.*, 762 P.2d 732 (Colo.App.1988). We affirm.

I

This case arose as the result of the vandalism of an elementary school by the Chacons' 10–year–old son, Nicholas Chacon, and another boy, which caused damages in excess of $6,000. The school district's insurer reimbursed the school district for the damages incurred. It then filed suit against the Chacons pursuant to section 13–21–107(1), 6A C.R.S. (1987), which allows a school district to recover damages in an amount not to exceed $3,500 from the parents of a minor under the age of eighteen, living with such parents, who willfully damages property belonging to the district. A default judgment was entered against the Chacons for $3,492.21 plus costs and interest.

Prior to commencement of the suit by the school district's carrier, the Chacons filed a loss claim relating to the damages caused by their son's vandalism under their homeowner's policy which was then in effect with American Family. Coverage was denied based upon the policy's "intentional act" exclusion. The Chacons then brought suit against American Family for breach of a contractual duty to defend, settle, or indemnify.

Cross-motions for summary judgment were filed by the parties. The trial court found that the Chacons could recover $250 under a supplemental provision in the policy,[1] but were barred by the intentional act

William E. Myrick, P.C., Stephen P. Doyle and Robert A. Starrett, Denver, for petitioners.

Dickinson, Everstine, Kelly & Prud'Homme, Gilbert A. Dickinson and Teresa M. Garcia, Denver, for respondent.

Justice ROVIRA delivered the Opinion of the Court.

The petitioners, Reyes and Sarah Chacon, challenge the court of appeals decision affirming the trial court's grant of summary judgment in favor of the respondent,

---

1. This section, entitled "Supplementary Coverages—Section II," provides that the insurer:
[W]ill pay the following in addition to the limits of liability.

1. *Damage to Property of Others. We* will pay up to $250 per occurrence for *property damage* to property of others caused by any *insured.*

exclusion of the policy from recovering under the general liability provisions of the policy. The court of appeals affirmed the holding of the trial court.

It is undisputed that the Chacons are the named insureds under this policy, while their son qualifies as an additional insured. The policy defines insured to mean "you and your relatives if residents of your household. It also means any other person under the age of 21 in your care or in the care of your resident relatives." It provides that "each person described above is a separate insured under this policy." The policy also contains a severability provision which states that "this insurance applies separately to each insured. This condition will not increase our limit of liability for any one occurrence."

It is undisputed that the liability incurred by the Chacons resulting from the actions of their son is within the scope of coverage provided by the policy, which states that the insurer "will pay, up to our limit of liability, all sums for which any *insured* is legally liable because of bodily injury or property damage covered by this policy." American Family, however, contends that recovery by the Chacons, under the general liability provisions of the policy, is precluded by an "intentional act" exclusion in the policy which provides that personal liability coverage does "not apply to bodily injury or property damage ... which is expected or intended by any *insured*."

American Family argues that this exclusion clearly and unambiguously excludes coverage to all insureds when any individual insured causes property damage which is "expected or intended." It asserts that the focus of the exclusion is damage. Therefore, when damage is intentionally caused by any insured, recovery by all insureds is precluded.

The Chacons, however, argue that American Family's interpretation of the insurance policy fails to give effect to the severability provision contained in the contract. They conclude that the severability clause creates separate insured status for each insured, which requires that the exclusion be applied independently to each insured. Under this approach, "any insured" describes who, among the individual insureds, will be excluded for their own intentional act. They argue that the policy is, at a minimum, reasonably susceptible to either interpretation, requiring that it be construed to provide coverage to the insured.

II

■■■ An insurance policy is a contract which should be interpreted consistently with the well settled principles of contractual interpretation. *See, e.g., Republic Ins. Co. v. Jernigan,* 753 P.2d 229 (Colo.1988); *Commercial Union Ins. Co. v. State Farm Fire & Casualty Co.,* 546 F.Supp. 543 (D.Colo.1982). This approach acknowledges that:

> [A]n insurance contract is a mutual agreement, ratified by the insured by his acceptance, both parties are bound by its provisions, unless waived or annulled for lawful reasons. In the absence of statutory inhibition, an insurer may impose any terms and conditions consistent with public policy which it may see fit.

12 Appleman, *Insurance Law and Practice* § 7004, at 37–39 (rev. ed. 1981) (footnotes omitted). In applying these principles, words should be given their plain and ordinary meaning unless the intent of the parties, as expressed in the contract, indicates that an alternative interpretation is intended. Where a contractual provision is clear and unambiguous the court should not rewrite it to arrive at a strained construction. *Jernigan,* 753 P.2d at 232. However, when a contractual provision is reasonably susceptible to different meanings it must be construed against the drafter and in favor of providing coverage to the insured. *Id.; see also Commercial Union Ins. Co. v. State Farm Fire & Casualty Co.,* 546 F.Supp. 543 (D.Colo.1982); *Coxen v. Western Empire Life Ins. Co.,* 168 Colo. 444, 452 P.2d 16 (1969).

*We* will not pay for *property damage:*
. . . .

b. caused intentionally by any *insured* who has attained the age of 13; ...

In *Republic Insurance Co. v. Jernigan,* 753 P.2d 229 (Colo.1988), we considered an insurance policy which contained a severability clause identical to the one presented here, and concluded that this provision made the rights of the insured several. As such, recovery by an innocent insured was not precluded by the intentional act of a co-insured. *Jernigan,* however, does not preclude the denial of coverage to an innocent insured, where the policy explicitly provides for such a result.[2] Thus, we must determine whether the exclusionary provision at issue here clearly and unambiguously denies coverage.

Initially, the "intentional act" exclusion contained in the Chacons' homeowner's policy referring to the actions of "any insured," must be distinguished from those policies which refer to the actions of "the insured."[3] The majority of courts which have considered this issue have held that "unlike the phrase 'the insured,' the phrase 'any insured' unambiguously expresses a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured." *Sales v. State Farm Fire & Casualty Co.,* 849 F.2d 1383, 1385 (11th Cir.1988) (citations omitted).

For example, in *Spezialetti v. Pacific Employers Insurance Co.,* 759 F.2d 1139 (3 Cir.1985), the court held that the arson of a co-insured barred recovery by an innocent spouse because of an exclusionary provision in the policy which provided that "insurance shall not apply to loss or damage [resulting from] any dishonest act or omission by any insured...." *Id.* at 1140. The plaintiff argued that the provision did not clearly indicate who was excluded from coverage. The court, however, concluded that the innocent co-insured was trying to:

> [A]void a clear application of the clause here by conjuring up ambiguities.... A court should read policy provisions to avoid ambiguities if possible and should not torture the language to create them. We have no difficulty in determining that in this case "any insured" means one covered by the policy....

*Id.* at 1142.

Similarly, in *McCauley Enterprises v. New Hampshire Insurance Co.,* 716 F.Supp. 718 (D.Conn.1989), the court considered a policy which contained both a severability clause[4] and an exclusionary provision, which applied to the actions of "any insured." The court denied recovery to the innocent co-insured, noting that "the language 'any insured' has been consistently interpreted as expressing a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured." *Id.* at 721. *See also Travelers Ins. Co. v. Blanchard,* 431 So.2d 913 (La. App.1983) (innocent co-insured denied recovery pursuant to an intentional act exclusion applicable to acts committed by "an insured," which unambiguously excluded coverage as to all insureds); *State Farm Fire & Casualty Co. v. Wolford,* 116 A.D.2d 1011, 498 N.Y.S.2d 631 (1986) (recovery precluded as to all insureds by "any insured" exclusionary language).

Some courts which have considered similar exclusionary provisions, however, have held that they did not preclude recovery by an innocent insured. For example, in *Worcester Mutual Insurance Co. v. Marnell,* 398 Mass. 240, 496 N.E.2d 158 (1986), the parents, named insureds, were sued by

2. In *Jernigan,* there was no policy provision indicating that the misconduct of any insured would bar recovery by all insureds, "nor was there any language stating that the misconduct of any insured would void the policy." *Republic Ins. Co. v. Jernigan,* 719 P.2d 331, 333 (Colo.App. 1985).

3. *See,* for example, *Arenson v. National Automobile & Casualty Ins. Co.,* 45 Cal.2d 81, 286 P.2d 816 (1955) ("the insured" in exclusion provision interpreted to prevent indemnification of wrongdoer and not of other insureds); and *Unigard Mutual Ins. Co. v. Argonaut Ins. Co.,* 20

Wash.App. 261, 579 P.2d 1015 (1978) (where coverage and exclusion both defined in terms of "the insured" contract is separable and excluded act of one insured does not bar coverage for additional insureds).

4. In *McCauley,* the policy definition of insured stated that "[t]he insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability." *McCauley Enters. v. New Hampshire Ins. Co.,* 716 F.Supp. 718, 720 (D.Conn.1989).

a third party for damages caused by their son, an unnamed insured, in an automobile accident. The automobile exclusion, contained in their homeowner's policy, provided that coverage did not apply to bodily injury or property damage "arising out of the ownership, maintenance, use, loading or unloading of ... a motor vehicle owned or operated by or rented or loaned to any insured...." *Id.* 496 N.E.2d at 159. The *Worcester* court held that the severability clause [5] contained in the policy required that each insured be treated as having separate insurance coverage, which resulted in coverage being precluded only as to the son. The *Worcester* court acknowledged that its interpretation of the exclusionary clause rendered the word "any" superfluous, but felt this interpretation was preferable to the approach advocated by the insurance carrier, which the court indicated would "render the entire severability of insurance clause meaningless." *Id.* at 161. *See also West Bend Mutual Ins. Co. v. Salemi*, 158 Ill.App.3d 241, 110 Ill.Dec. 608, 511 N.E.2d 785 (1987) (holding that "any insured" language could reasonably be interpreted as denying coverage only to the culpable party).

We find the reasoning of the majority of courts more persuasive than that of *Worcester*, because it considers and gives effect to all the policy provisions and recognizes that an insurance policy is a contract between the parties which should be enforced in a manner consistent with the intentions expressed therein.[6] The inquiry is an objective one, focusing on what a reasonable person would have understood the contract to mean. Here, the policy provides that liability coverage does not apply to property damage "which is expected or intended by any insured." This provision clearly and unambiguously expresses an intention to deny coverage to all insureds

when damage is intended or expected as a result of the actions of any insured.

Accordingly, the judgment of the court of appeals is affirmed.

QUINN, C.J., dissents.

KIRSHBAUM and VOLLACK, JJ., join in the dissent.

ERICKSON, J., specially concurs.

Justice ERICKSON specially concurring in the result:

I concur with the majority's conclusion that the intentional act exclusion bars liability coverage of the Chacons for the intentional acts of their child when the damages are in excess of the supplemental policy limit of $250.[1] In addition, I agree with the dissent's conclusion that the severability clause creates separate insurable interests in each of the insureds. By writing separately, I intend to emphasize that, despite the severability clause, the exclusion expresses a clear intent to preclude coverage for liability on the part of an insured for the intentional acts of the other individual insureds. *Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139, 1141–42 (3rd Cir.1985); *McCauley v. New Hampshire Ins. Co.*, 716 F.Supp. 718, 721 (D.Conn.1989). The language of the intentional act exclusion unambiguously expresses the intent to render the severability clause inapplicable to liability of one insured under the policy for the intentional acts of another insured. *McCauley*, 716 F.Supp. at 721.

In *Arenson v. National Auto. and Cas. Ins. Co.*, 45 Cal.2d 81, 286 P.2d 816 (1955), the intentional act exclusion stated that "[t]his policy does not apply ... to injury, sickness disease, death or destruction caused intentionally by or at the direction of the insured...." 45 Cal.2d at 82–83, 286 P.2d at 817. The court in *Arenson*

---

5. The severability clause at issue in *Worcester* was identical to the one contained in the Chacons' policy.

6. The inclusion of a severability clause within the contract is not inconsistent with the creation of a blanket exclusion for intentional acts. In-

stead, the inquiry is whether the contract indicates that the parties intended such a result.

1. The supplemental policy provides coverage to the Chacons for intentional acts of an insured child under the age of thirteen to the extent of $250.

held that the policy in that case did not exclude coverage for liability based on the intentional acts of a co-insured. *Id.* at 83–84, 286 P.2d at 818. The use of the word "any" in the Chacons' homeowner policy dictates a different result than that reached in *Arenson. See Allstate Ins. Co. v. Freeman,* 432 Mich. 656, 691–93, 443 N.W.2d 734, 751–52 (1989).

Chief Justice QUINN dissenting:

I respectfully dissent. The majority acknowledges the long-standing principle that an insurance policy should be construed in accordance with basic principles of contract law, but then proceeds to construe the policy in a manner that nullifies the severability clause in the policy. Such construction is contrary to, rather than in accord with, basic principles of contract law.

The insurance policy in this case must be construed in accordance with rules applicable to an integrated contract. *E.g., Marez v. Dairyland Ins. Co.,* 638 P.2d 286 (Colo. 1981); *North American Accident Ins. Co. v. Cochran,* 74 Colo. 515, 223 P. 28 (1924). A basic rule of contract law is that· "[a]n integrated contract in the first instance is to be interpreted in its entirety with the end in view of seeking to harmonize and to give effect to all provisions so that none will be rendered meaningless." *Pepcol Mfg. Co. v. Denver Union Corp.,* 687 P.2d 1310, 1313 (Colo.1984); *see Restatement (Second) of Contracts* § 202(2) (1981). In the absence of some special meaning attached to contractual terms and expressed in the contract itself, words that have a commonly accepted meaning should be interpreted according to their common meaning. *Pepcol Manufacturing Co.,* 687 P.2d at 1314. If, however, an insurance policy is ambiguous or fairly susceptible to two reasonable interpretations, one of which is favorable to the insured and the other to the insurer, the policy must be construed strictly against the insurer as the drafter of the agreement and in favor of the insured. *E.g., Coxen v. Western Empire Life Ins. Co.,* 168 Colo. 444, 452 P.2d 16 (1969); *North American Accident Ins. Co.,* 74 Colo. at 515, 223 P. at 28.

The part of the insurance policy entitled "Definitions," states that the words "you and your" refer "to the person or people shown as the named insured in the declarations"—in this case, Reyes and Sarah T. Chacon. The policy then goes on to define the term "insured," in pertinent part, as follows:

> *Insured* means *you* and *your* relatives if residents of *your* household. It also means any other person under the age of 21 in *your* care or in the care of *your* resident relatives.
>
> \*      \*      \*      \*      \*      \*
>
> Each person described above is a separate *insured* under this policy. This does not increase our [the insurer's] limit of liability.

(Emphasis in original). The section of the policy devoted to "Personal Liability" coverage states that the insurance company "will pay, up to *our* limit of liability, all sums for which any *insured* is legally liable because of ... *property damage* covered by this policy." (Emphasis in original). The term "property damage" is defined in the policy as meaning "injury to or destruction of tangible property including the loss of its use." The "Exclusions" section of the policy states that the personal liability coverage does not apply to property damage "which is expected or intended by any *insured.*" (Emphasis in original).

By virtue of the definition of an insured, therefore, the policy creates separate insurable interests for Mr. and Mrs. Chacon and their ten-year-old son. Consistent with these separate insurable interests, the policy provides personal liability coverage for property damage for all sums, up to the limits of coverage, for which *any insured* is liable. In light of the separate insurable interests for personal liability created by the policy, the most plausible interpretation of the exclusion clause is to exclude coverage for the separate insurable interest of that insured who intentionally causes property damage. In this manner, all provisions of the policy are given effect and one provision is not rendered meaningless by the other.

Limiting the personal liability exclusion to the "separate insured" who intentionally causes the property damage, and not to all the insureds, is consistent with this court's holding in *Republic Ins. Co. v. Jernigan,* 753 P.2d 229 (Colo.1988). In that case a husband and wife were named as joint insureds under a homeowners policy and made a claim against the insurer for smoke and fire damage to their home. The insurer denied their claim on the basis that the husband had intentionally set fire to the home. In a declaratory judgment action filed by the insurance company, the trial court found that the husband had intentionally set fire to the home but determined that the wife was a separate insured under the policy by reason of a severability clause which stated:

> "*Severability of insurance.* This insurance applies separately to each *insured.* This condition shall not increase our limit of liability by any one occurrence."

In approving the trial court's construction of the policy, we emphasized that the severability clause created separate and independent rights and obligations under the policy, rather than joint rights and obligations, and held that the wife was entitled to recover one-half of the damages, not to exceed the limits of the policy, for the loss to her separate insurable interest up to the limits of that interest. 753 P.2d at 233. As in *Jernigan,* the policy in the instant case creates a separate insurable interest with respect to the personal liability of each insured, with the result that the "intentional act" exclusion should not apply to the separate insurable interests of Mr. and Mrs. Chacon, neither of whom intentionally caused the property damage to the school.

The majority attempts to distinguish *Jernigan* by reason of the term "any insured" in the exclusion clause of the policy in the instant case. By basing its holding solely on the term "any insured," the majority disregards and negates the separate insurable interests expressly created by the policy. I would construe the term "any insured" in the exclusion clause to mean the separate insurable interest of any particular insured who was responsible for intentionally causing the property damage.

Such construction gives effect to the whole of the policy, does not nullify one provision at the expense of the other, and, in my view, is consistent with our recent decision in *Jernigan,* 753 P.2d 229, as well as with case law from other jurisdictions. *See, e.g., Arenson v. Nat'l. Auto. & Casualty Ins. Co.,* 45 Cal.2d 81, 286 P.2d 816 (1955) (intentional act exclusion does not exclude liability coverage for parents for intentional act of vandalism committed by son, who also was an insured under policy); *Worcester Mut. Ins. Co. v. Marnell,* 398 Mass. 240, 496 N.E.2d 158 (1986) (severability clause in policy created separate insurable interests so as not to exclude parents from coverage for damage caused by son, who also was an insured under policy); *Unigard Mut. Ins. Co. v. Argonaut Ins. Co.,* 20 Wash.App. 261, 579 P.2d 1015 (1978) (intentional act exclusion not applicable to other insureds who did not engage in excluded conduct).

At the very least, the exclusion clause in this case is ambiguous when considered in connection with the provision creating separate insurable interests for Mr. and Mrs. Chacon and their minor son. Under such circumstances, the ambiguity in the policy must be construed against the insurer and in favor of the insureds. *E.g., Coxen,* 168 Colo. at 444, 452 P.2d at 16; *Wilson v. Auto. Owners Ass'n. Ins. Co.,* 148 Colo. 550, 366 P.2d 654 (1961); *Royal Indemnity Co. v. Markley,* 116 Colo. 84, 178 P.2d 672 (1947).

For the above reasons, I would reverse the judgment of the court of appeals and would hold that Mr. and Mrs. Chacon, who did not intentionally cause the property damage, were not excluded from coverage by virtue of the intentional damage exclusion.

KIRSHBAUM and VOLLACK, JJ., join in the dissent.