[No. 20949-3-I.   Division One.   June 20, 1988.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. RONALD F. EDIE, ET AL, *Appellants.*

*Mark W. Davis* and *Curran, Kleweno & Johnson,* for appellants.

*Patricia C. Fetterly* and *Davies Pearson, P.C.,* for respondent.

WILLIAMS, J.—Farmers Insurance Company brought a complaint against its insureds, Ronald and Judy Edie, seeking a declaratory judgment that the Edies were not covered under their insurance for a physical and sexual assault suit filed against them by their daughter, April. On Farmers' motion for summary judgment, the court held the Edies were not covered, but that counsel retained by Farmers had an obligation to defend them through trial and entry of judgment in superior court. The Edies appeal.

██ The trial court was correct in determining the Edies were not covered for the suit by their insurance. Farmers' policy excluded coverage for bodily injury "[a]rising as a result of intentional acts of an insured," and April's suit was based on the intentional acts of "an" insured, Ronald. *See Rodriguez v. Williams,* 107 Wn.2d 381, 729 P.2d 627 (1986); *see also U.S.F. & G. Ins. Co. v. Brannan,* 22 Wn. App. 341, 348, 589 P.2d 817 (1979).

[A]lleged claims which are clearly not covered by the policy relieve the insurer of its right and duty to defend.

*State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477, 486, 687 P.2d 1139 (1984).

Farmers supplied the Edies with independent legal services throughout the litigation, defending at all times under a comprehensive reservation of rights. Farmers' reservation of rights defense was proper, *see Tank v. State Farm Fire & Cas. Co.,* 105 Wn.2d 381, 391, 715 P.2d 1133 (1986), and the Edies have not shown any prejudice that would lead to a successful claim that Farmers was estopped from denying coverage.

The judgment is affirmed.

WINSOR, J., and SCHUMACHER, J. Pro Tem., concur.