600 A.2d 1174

**Gary G. PYLES**

v.

**PENNSYLVANIA MANUFACTURERS' ASSOCIATION
INSURANCE COMPANY.**

**No. 502, Sept. Term, 1991.**

Court of Special Appeals of Maryland.

Feb. 4, 1992.

John S. Simcox (C. Robert Pickett and Hartman and Crain, on the brief) Annapolis, for appellant.

George C. Davis (Hardwick, Tripoda & Harris, on the brief) Baltimore, for appellee.

Argued Before MOYLAN, MOTZ, and HARRELL, JJ.

HARRELL, Judge.

Appellant, Gary G. Pyles, brought a declaratory judgment action against appellee, Pennsylvania Manufacturers' Association Insurance Company, seeking to determine the extent of coverage of liability insurance policies issued by appellee to John F. Pilli & Sons, Inc. (Pilli). The Circuit Court for Anne Arundel County (Heller, J.) granted summary judgment in favor of appellee. We affirm.

*Facts*

Pilli contracted with appellant to build a house on appellant's property in Anne Arundel County, Maryland. Pilli also orally agreed to maintain $750,000 worth of builder's risk insurance on the house during its construction. Due to

circumstances not pertinent to this appeal, however, Pilli obtained only $250,000 worth of builder's risk insurance on the house. As anyone familiar with Murphy's Law might have predicted, a fire occurred during the construction of the house, causing extensive damage.

Appellant thereafter brought a separate action against Pilli, alleging negligence and breach of contract for Pilli's failure to obtain the agreed upon amount of builder's risk insurance, and seeking damages equal to the amount by which the house was underinsured. Pilli notified appellee that the action had been brought against it and requested that appellee defend the suit. Appellee denied coverage and refused to defend. The action resulted in the entry of a judgment in favor of appellant in excess of the builder's risk insurance coverage Pilli had obtained on the house.

Pursuant to a settlement agreement subsequently reached between them, Pilli assigned to appellant all of its rights under two general business liability insurance policies issued to it by appellee—a Comprehensive Catastrophe Liability (Commercial Umbrella) Policy and a General Liability Policy. The Comprehensive Catastrophe Liability Policy provided, in pertinent part, as follows:

[Appellee] will indemnify the insured for ultimate net loss ... which the insured may sustain by reason of liability imposed upon the insured by law ... for damages because of ... [p]roperty [d]amage ... caused by or arising out of an occurrence happening anywhere in the world during the policy period.

\* \* \* \* \* \*

[Appellee] shall:

(a) defend any suit against the insured alleging such ... destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent....

The General Liability Policy similarly provided:

[Appellee] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... property damage to which this

insurance applies, caused by an occurrence, and [appellee] shall have the right and duty to defend any suit against the insured seeking damages on account of such ... property damage, even if any of the allegations of the suit are groundless, false or fraudulent....

The two policies contained identical definitions of the terms "occurrence" and "property damage":

'Occurrence' means an accident, including continuous or repeated exposure to conditions, which results in ... property damage ... neither expected nor intended from the standpoint of the insured.

* * * * * *

'Property damage' means ... physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom ...

Armed with Pilli's rights under the general business liability insurance policies, appellant filed a declaratory judgment action against appellee, seeking a determination that the coverage of the policies extended to the judgment against Pilli in the earlier action, together with the costs incurred by Pilli in defending that action.[1] Appellant then moved for partial summary judgment. Following a hearing, the circuit court denied appellant's motion. In substance, the circuit court held that the terms of the policies required a nexus between the insured's liability and accidental property damage, and that in the instant case, there was no such nexus:

There is no way to tie Pilli's negligence and breach of contract to the actual accident, the fire. Pilli's negligence in not maintaining $750,000.00 of builder's risk coverage

---

1. The General Liability Policy was not made a basis of appellant's complaint. In its memorandum in support of its motion for summary judgment, however, appellant argued on the basis of both policies. The circuit court based its judgment on both, stating that the analysis of whether Pilli's liability and costs are covered is the same under either policy.

on [appellant's] house caused the loss when the property was damaged in excess of the $250,000 coverage which Pilli had maintained ... [T]he Court finds that as a matter of law no coverage was afforded Pilli for its mistake.

The circuit court, on its own motion, granted summary judgment in favor of appellee pursuant to Md. Rule 2–501(e).[2] This appeal followed. The sole issue presented in this appeal is whether the circuit court erred in granting summary judgment in favor of appellee. We affirm.

### Discussion

#### A.

"When ruling on a motion for summary judgment, a trial court must address two separate issues: whether there is a genuine dispute as to a material fact, and whether the moving party is entitled to judgment as a matter of law." *Chesapeake v. City of Baltimore*, 89 Md.App. 54, 68, 597 A.2d 503 (1991), *citing Castiglione v. Johns Hopkins Hospital*, 69 Md.App. 325, 332, 517 A.2d 786 (1986). The facts underlying the case *sub judice* are undisputed. The only question before the circuit court, therefore, was whether, under the terms of the general business liability insurance policies, appellee was entitled to judgment as a matter of law.

Appellant argues that the express terms of the policies establish a duty on the part of appellee to indemnify Pilli for its liability to appellant. Specifically, appellant contends that because property damage was a factual predicate for Pilli's liability, and because that property damage was caused by an "occurrence," or an accident, Pilli's liability to appellant is covered by the policies. We disagree.

---

**2.** *See Fletcher v. Flournoy*, 198 Md. 53, 56–57, 81 A.2d 232 (1951) (where appropriate, trial court on the hearing of a motion for summary judgment may render judgment for opposing party even though opposing party has not filed a cross-motion for summary judgment).

■ "Maryland follows the rule that '[i]nsurance policies, being contractual, are construed as other contracts.' Words are given their customary and normal meaning." *Bentz v. Mutual Fire, Marine & Inland Ins. Co.*, 83 Md.App. 524, 531, 575 A.2d 795 (1990) (citations omitted). By their terms, the policies cover only liability for damages because of property damage. The policies thus require a direct causal link or nexus between an insured's liability and property damage. Pilli's liability to appellant was not, however, a direct result of property damage. Rather, its liability was a direct result of its negligence and breach of contract in failing to obtain the agreed upon amount of builder's risk insurance on the house. The basis of appellant's claim against Pilli in the earlier action was not property damage, but instead Pilli's alleged breach of contract and negligence. Property damage was, of course, a factual predicate for Pilli's liability to appellant. The fact that property damage occured in connection with Pilli's liability, however, is simply not sufficient to bring its liability within the terms of the policies. As Pilli's liability to appellant was not because of, or a direct result of, property damage, it is not within the terms of the policies.

We have discovered no Maryland case law directly on point. A number of courts in other jurisdictions, however, considering insurance policy provisions similar to those at issue in the instant case, have held that an insured who has incurred liability in an earlier action as a result of breach of contract or negligence, is not covered under a general business liability insurance policy which extends to liability for damages due to property damage or bodily injury. *See, e.g., Reliance Ins. Co. v. Wyatt*, 540 So.2d 688 (Ala.1988); *Olympic, Inc. v. Providence Washington Ins. Co.*, 648 P.2d 1008 (Alaska 1982); *Silva & Hill Construction Co. v. Employers Mutual Liability Ins. Co.*, 19 Cal.App.3d 914, 97 Cal.Rptr. 498 (1971).

### B.

■ Appellant also argues that the circuit court erred in determining that, under the terms of the policies, Pilli's

costs in defending appellant's action against it were not covered. Again, we disagree.

The policies impose on appellee a duty to defend any suit against an insured alleging property damage and seeking damages on account thereof, even if such allegations are "groundless, false or fraudulent."

> The obligation of an insurer to defend its insured under [such] a contract provision ... is determined by the allegations in the tort actions. If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to defend. Even if a tort plaintiff does not allege facts which clearly bring a claim within or without the policy coverage, the insurer must still defend if there is a *potentiality* that the claim could be covered by the policy.

*Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 407–08, 347 A.2d 842 (1975).

Appellant, in his earlier action against Pilli, did not seek damages on account of property damage. Rather, he sought damages on account of Pilli's alleged negligence and breach of contract in failing to obtain adequate builder's risk insurance on the house. Since appellant did not allege any claims potentially covered by the policies in his earlier action against Pilli, appellee had no duty to defend. The circuit court was, therefore, correct in determining that, under the terms of the policies, Pilli's costs in defending appellant's action against it were not covered.

We conclude that the circuit court was correct in holding that under the terms of the general business liability insurance policies appellee was entitled to judgment as a matter of law.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY APPELLANT.