**TRAVELERS INDEMNITY COMPANY OF AMERICA**

v.

**JIM COLEMAN AUTOMOTIVE OF COLUMBIA, LLC, et al.**

No. CIV.S 02–3048.

United States District Court, D. Maryland.

Nov. 27, 2002.

Lee H. Ogburn, Kimberly T. Owens, Kramon and Graham, Baltimore, MD, for Plaintiff.

Brad D. Weiss, Charapp Deese Weiss LLP, Washington, DC, Kieron F. Quinn, Richard S. Gordon, Quinn Gordon and Wolf LLP, Towson, MD, for Defendants.

## MEMORANDUM OPINION

SMALKIN, District Judge.

This is a diversity case, involving duty-to-defend and coverage issues arising out of two garage liability policies issued by the plaintiff to the defendant. The plaintiff seeks a declaratory judgment under 28 U.S.C. § 2201 that it is not obligated to defend or cover the defendants in litigation now pending in the Circuit Court for Baltimore County, Maryland. The matter is before the Court on the plaintiff's motion for summary judgment. The issues have been adequately briefed, and no oral hearing is necessary. Local Rule 105.6 (D.Md.)

In Maryland, interpretation of an insurance contract, like any other contract, is preliminarily a matter for the Court. If the language is unambiguous, the Court construes it as a matter of law. Thus, summary judgment is appropriate where the issue is construction of an unambiguous insurance contract. *See, e.g., Federal Leasing, Inc. v. Amperif Corp.*, 840 F.Supp. 1068, 1073 (D.Md.1993). This one is, in the Court's judgment, unambiguous, at least as to the issues relevant to this case.

The underlying lawsuit—a purported class action—alleges that the defendant intentionally overcharged customers for certain fees in connection with automobile purchases, specifically for registration and titling. There are four counts in the complaint. They are conversion, violation of Maryland's Credit Grantor Closed End Credit Provision law, Md.Code Ann.,

Comm. Law II § 12–1001 *et seq.*, violation of Maryland's Consumer Protection Act, Md.Code Ann., Comm. Law II § 13–101 *et seq.*, and breach of contract. All counts charge fraudulent or knowing misbehavior, including the breach of contract count, which charges breach of the "duty of good faith" and the "duty of acting honestly."

The policies in question, in pertinent part, obligate the plaintiff to:

> pay all sums an insured legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies caused by an 'accident' and resulting from 'garage operations....'

The policy also requires the plaintiff to defend in any suit requesting such damages.

With the exception of a non-germane exception for bodily injury resulting from the use of force, bodily injury or property damage that is "expected or intended" from the standpoint of the insured is excluded from coverage.

Finally, there is a so-called "TILA Endorsement," which covers any liability that is imposed

> solely by the operation of Section 1640, relative to civil liability, of Park B, Subchapter I, Chapter 41, Title 15, United States Code Annotated....

There is an intentional fraudulent act exclusion appended to the TILA Endorsement.

It is clear Maryland law that insurance contracts, like all contracts, are to be construed according to their terms in light of the plain meaning of the language of the contract. *See e.g. Bausch & Lomb v. Utica Mutual Ins. Co.*, 330 Md. 758, 779, 625 A.2d 1021 (1993). In a declaratory judgment case such as this, once the Court has ascertained the scope of coverage and exclusion under the policy, then the Court is to look at the allegations of the plaintiff's complaint in the underlying suit to see if there is a duty to defend and/or coverage. *See, e.g., St. Paul Fire & Marine Ins. Co. v. Pryseski*, 292 Md. 187, 438 A.2d 282 (1981).

As a threshold matter, the Coleman defendants make much of their claim that the plaintiff did not fulfill its purported duty to search diligently for the potentiality of coverage, basing their claim on discovery that shows, according to them, that the claims personnel involved in the denial of coverage did not do a thorough enough job going over the underlying lawsuit's allegations and/or the policies' terms before making the decision to deny coverage. The problem with this claim is two-fold. First, this is not some sort of tort suit alleging bad faith failure to defend or cover, in which case there might be some legitimate focus on what the insurer did to investigate the claim. Rather, this is a declaratory judgment suit, in which the insurer seeks a determination of its legal obligations. Second, and more fundamentally, the Court knows of no—nor have the Coleman defendants cited any—authority establishing such a duty in a defense/coverage case. What governs the outcome in such cases is simply the language of the policy and the **Court's** reading of it, not the insurer's or the insured's. Thus, the issue of an allegedly inadequate search for coverage is a complete red herring.

■ Turning to the issues that are properly before the Court, it is obvious that the relief sought, and the claims asserted by, the plaintiff in the underlying suit do not give rise even to a "potentiality" that the claims could be covered by the plaintiff's policies. *Brohawn v. Transamerica Ins. Co.*, 276 Md. 396, 408, 347 A.2d 842 (1975). Absent such a potentiality, there is no duty to defend, or, obviously, to indemnify. *Id.* It is clear law that a loss of money by way of fraud or trick, or

other purely economic loss resulting from the insured's conduct, without any damage or injury to tangible property, is not an "accident" or "property damage" as defined by this and other such policies. For example, in *Lerner Corp. v. Assurance Co. of America*, 120 Md.App. 525, 531, 707 A.2d 906 (1998), the Court had no difficulty determining that economic loss from the deterioration of a stone veneer facade installed by the insured was not covered (and there was no duty to defend) under coverage and exclusion language like that of the present policies, even though the insured certainly did not expect or intend its work to be defective. *See also Gulf Ins. Co. v. L.A. Effects Group, Inc.*, 827 F.2d 574, 577 (9th Cir.1987), and *Travelers Indemnity Co. v. Kinney*, No. 93–2308, 1994 WL 276701, at *3 (4th Cir. June 20, 1994).

Furthermore, the kind of intentional scheme to defraud alleged in all of the counts of the complaint is clearly not an "accident" under the applicable policy language. *See, e.g., Harleysville Mut. Cas. Co. v. Harris & Brooks, Inc.*, 248 Md. 148, 154, 235 A.2d 556 (1967).

The Coleman defendants strongly assert that the underlying plaintiff's conversion claim is sufficient to trigger both the duty to defend and coverage. Maryland law is to the contrary. For example, in *American Home Assur. Co. v. Osbourn*, 47 Md. App. 73, 422 A.2d 8 (1980), *cert. denied*, 289 Md. 739 (1981), the Court of Special Appeals considered "intentional trespass" and conversion claims asserted in an underlying lawsuit against a tow-truck operator, stemming from that operator's actions in towing the plaintiffs' cars away from a Frank Sinatra show. The Court of Special Appeals, construing the terms "accident" and "occurrence" both according to their common meaning ("accident") and the terms of the policy ("occurrence")—and

the policies in this case are no different— gave short shrift to the argument that the conversion alleged in the complaint constituted an accident: "In the instant case it cannot seriously be asserted that the trespass and conversion [claims] even remotely alleged an accident." 47 Md.App. at 81, 422 A.2d 8. The same is true here. The conversion in question here was no accident, regardless of the *quantum* of intent needed under Maryland law to make out the elements of conversion. Thus, there is not even the potentiality for coverage here that triggers a duty to defend under Maryland law. *See, e.g., USAA Cas. Ins. Co. v. Mummert*, 213 F.Supp.2d 538, 541 (D.Md. 2002). It is the substance of the underlying claim, not its label, that controls in duty-to-defend and coverage cases. *Id.* at 542. Here, there is clearly not even any potential that the conversion claims constitute a covered accident or occurrence.

■ Finally, the TILA (Truth–in–Lending Act) Endorsement does not provide any ground for coverage or a defense in this case, because there simply is no claim of violation of TILA in the underlying suit. By its plain terms, the TILA Endorsement applies only to claims grounded solely upon a specific provision of the federal Truth–in–Lending Act, *viz.*, 15 U.S.C. § 1640. *See, e.g., Heritage Mut. Ins. Co. v. Ricart Ford, Inc.*, 105 Ohio App.3d 261, 663 N.E.2d 1009, 1013 (1995); *see also, John Markel Ford, Inc. v. Auto–Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173, 176–77 (Neb.1996).

No TILA claim is made by plaintiff in the underlying litigation. The Maryland statutory claims asserted in the underlying case simply do not fall within the TILA endorsement, despite the Coleman defendants' valiant efforts to drive a square peg (Maryland's closed-end credit regulation law (CLEC)) into a round hole (TILA). The Court is of the opinion that their

position—that an allegation of violation of Maryland's closed-end loan law (CLEC) is either preempted by, or necessarily incorporates, TILA—is unpersuasive. TILA has been held not to have pre-emptive effect on local laws imposing more burdensome restrictions on lenders (as Maryland's does), so long as they are not inconsistent. *See, e.g., Williams v. First Gov. Mortg. & Investors*, 176 F.3d 497, 500 (D.C.Cir.1999). Maryland's CLEC does not expressly or impliedly incorporate TILA, and section 1640 of TILA and the CLEC provisions sued upon here are obviously not inconsistent. Finally, and even more to the point, the TILA endorsement here expressly gives coverage only for claims that are asserted **solely** under TILA. Convoluted arguments of preemption and incorporation will not transmute an allegation of a specific, non-TILA provision of Maryland's comprehensive credit regulation law into a violation "solely" of TILA. The plaintiff in the underlying suit agrees that there is no TILA claim asserted therein. The Court finds no potentiality of a TILA claim in the underlying litigation.

Therefore, because there is no dispute of fact and only a question of law is presented, and because the plaintiff has clearly shown its entitlement to judgment as a matter of law, *see* Fed.R. Civ. P. 56(c), an order will be entered separately, granting its motion for summary judgment and entering judgment for the plaintiff, declaring that plaintiff has no obligation to defend or to indemnify defendants with respect to the underlying lawsuit, *viz., Summerwell v. Coleman Automotive, et al.*, Case No. 03-02-0056298, pending in the Circuit Court for Baltimore County Maryland.