THE STANDARD FIRE INSURANCE
COMPANY, Plaintiff,

v.

Cornelius R. PROCTOR and Gary
W. Proctor, Defendants

No. CIV.A. AW–03–552.

United States District Court,
D. Maryland.
Southern Division.

Oct. 7, 2003.

Daniel R. Lanier, Jamison Glenn White, Miles and Stockbridge PC, Baltimore, MD, for Plaintiff.

Vail A. Kaufman, Vail A Kaufman PA, Greenbelt, MD, Gary W. Proctor, pro se, Cheverly, MD, for Defendant.

### MEMORANDUM OPINION

WILLIAMS, District Judge.

The Standard Fire Insurance Company ("Standard Fire") brought this action against Cornelius R. Proctor ("Mr.Proctor") and his son, Gary W. Proctor, (collectively "Defendants") requesting judgment as a matter of law that it has no duty to defend and/or indemnify the defendants in an underlying tort action. Plaintiff has moved the court for summary judgment and Mr. Proctor has entered a cross-motion for partial summary judgment. The motions have been fully briefed by the parties and are now ripe for review. The Court has reviewed the pleadings and determined that no hearing is necessary. See D. Md. R. 105(6). Upon consideration of the arguments made in support of, and opposition to, the motion, the Court makes the following determinations.

Preliminarily, pending before this Court is Plaintiff's Motion to Strike Defendant Cornelius Proctor's Surreply To Motion For Summary Judgment. Local Rule 105.2 discourages the filing of surreply memoranda and permits their submission only when ordered by the Court. The Court believes that Plaintiff has presented an argument that warrants the Court's acceptance of the surreply. Plaintiff introduced a new argument in its Reply which merited a response from Mr. Proctor. As such, this Court will consider section C—discussing whether Gary Proctor's intentional actions preclude coverage under the insurance policy for Cornelius Proctor—of Plaintiff's Surreply. The Court will disregard all other sections as they address arguments that were fully briefed in prior pleadings.

## I. FACTUAL BACKGROUND

### a. Underlying Complaint

Mr. Lockhart became acquainted with his neighbor Cornelius Proctor after moving into his home in October 1998. Mr. Lockhart alleges that, from that time onward, he regularly assisted Mr. Proctor—who was on dialysis, and in a wheelchair—to and from his home. Mr. Lockhart alleges that when he was driving down Marblewood Avenue on September 31, 2001, he stopped to help Mr. Proctor exit a vehicle in front of Mr. Proctor's home. Mr. Lockhart left his employer's truck double-parked on the street. Mr. Lockhart further alleges that after assisting Mr. Proctor out of his car, and while pulling his truck away, he accidentally collided with the side of Mr. Proctor's car.

While Mr. Lockhart and Mr. Proctor were examining the damage and discussing the accident, Mr. Lockhart alleges that he received an employment-related radio call requiring him to report immediately to a job site several block s away. Mr. Lockhart alleges that he told Mr. Proctor that he had to report to the job site, but that he would return home later at which time he would supply Mr. Proctor his insurance information. Mr. Lockhart further alleges that Mr. Proctor became upset and threatened to report the accident to the police as a hit and run if Mr. Lockhart left the

scene. Mr. Lockhart next alleges that he pulled his truck to the opposite side of the street and began to obtain the insurance information from the truck. Mr. Lockhart alleges that Mr. Proctor became increasingly upset and asked another individual to get his son, Gary Proctor, from the residence they shared on Marblewood Avenue.

Mr. Lockhart alleges that Gary Proctor then appeared and, without explanation, began to beat him. Further, Mr. Lockhart alleges that Mr. Proctor positioned his wheelchair Mr. Lockhart, effectively blocking his ability to get away from Gary Proctor. Gary Proctor allegedly continued hitting Mr. Lockhart, causing severe injuries to his face, including fractures, and damage and loss of vision in his right eye.

On or about September 10, 2002, a lawsuit was filed against Defendants in the Circuit Court for Prince Georges County, Case No. L02–22062, by their neighbor Kevin Lockhart ("Mr.Lockhart"), alleging that Mr. Lockhart suffered numerous injuries and damages during a September 13, 2001 altercation in front of their homes ("Lockhart Complaint"). Specifically, Mr. Lockhart requested relief based on three counts: (1) negligence based on Defendants' failure to correctly assess the situation and breach of their duty not to start and/or participate in a fight with Mr. Lockhart; (2) assault and battery; and (3) intentional infliction of emotional distress.

### a. Standard Fire Insurance Policy

Mr. Proctor and his wife obtained a homeowners policy from Standard Fire, covering December 27, 2000 to December 27, 2001, for their residence ("Standard Fire policy"). Subject to various terms and conditions, Standard Fire agreed to provide: (1) coverage up to its limit of liability for the damages for which the insured is legally liable; and (2) a legal defense at its expense to any claim made

against the insured for damages because of bodily injury or property damage caused by an occurrence to which the coverage applied, "even if the claim or suit is false." See Pl. Exh. B, at 14. The policy defines "insured" to include the policy holders and the following household residents: (1) relatives; and (2) persons under the age of 21 who are in the care of the policy holders. Id. at 1. The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions which results, during the policy period, in: a. bodily injury; or b. property damage." Id. The policy also defines "bodily injury" as "bodily harm, sickness or disease, including required care, loss of services and death as results." Id. Finally, the policy excludes coverage for bodily injury "which is expected or intended by any insured."

Standard Fire filed a Complaint seeking declaratory Judgment from this Court on its duty to indemnify and/or defend the insured in the suit filed by Mr. Lockhart. On, April 29, 2003, Plaintiff filed a Motion for Summary Judgment. Mr. Lockhart filed an Opposition and Cross–Motion for Partial Summary Judgment on May 6, 2003.[1]

## II. SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment will be granted when no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Haavistola v. Comty. Fire Co. of Rising Sun, Inc., 6 F.3d 211, 214 (4th Cir.1993); Etefia v. East Baltimore Comm. Corp., 2 F.Supp.2d 751, 756 (D.Md.1998). "Summary judgment procedure is properly regarded not as a

---

1. Gary W. Proctor has not responded to Plaintiff's motion for summary judgment.

disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine,* 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (citations omitted). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330–31 (4th Cir.1998); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir.1985).

In responding to a proper motion for summary judgment, the party opposing summary judgment must present evidence of specific facts from which the finder of fact could reasonably find for him or her. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 322–23, 106 S.Ct. 2548; 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2729.1 (3d.1998). The non-movant must show that she has access to admissible evidence for presentation at trial. *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548. In the absence of contradictory evidence showing a genuine dispute as to a material fact, the moving party is entitled to judgment as a matter of law. *See id.* at 317, 106 S.Ct. 2548 (1986). For the purposes of summary judgment, a genuine dispute exists if a reasonable jury could return a verdict for the non-moving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505 (1986). While the non-moving party must do more than merely raise some doubt as to the existence of a fact, the moving party ultimately bears the burden of demonstrating the absence of all genuine issues of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

## III. DISCUSSION

 The issue presented in Plaintiff's motion for summary judgment is whether Standard Fire must indemnify and/or provide a defense for Mr. Proctor and Gary Proctor in the tort action filed by Mr. Lockhart. The duty to defend is broader than the duty to indemnify. *See Utica Mut. Ins. Co., v. Miller,* 130 Md.App. 373, 381, 746 A.2d 935, 939 (2000); *Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 408, 347 A.2d 842, 850 (1975). Under Maryland law, an insurance company must defend an insured if the underlying claim is potentially covered by the insurance policy. *Hartford Cas. Ins. Co. v. Chase Title, Inc.,* 247 F.Supp.2d 779, 780 (D.Md.2003). A court must perform the following analyses when deciding whether potential for coverage under the policy exists: "(1) determine the coverage and defenses 'under the terms and requirements of the insurance policy,' and (2) examine the allegations of the tort suit to determine whether the allegations 'bring the tort claim within the policy's coverage.' " *Id.* (citing *St. Paul Fire & Marine Ins. Co. v. Pryseski,* 292 Md. 187, 193, 438 A.2d 282, 285 (1981)).

The Standard Fire insurance provides the following coverage:

Coverage E—Personal Liability

If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies, even if the claim or suit is false we will:

 a. Pay up to our limit of liability for the damages for which the insured

is legally liable. Damages include prejudgment interest awarded against the insured; and

b. provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent. . . . .

Pl. Exh. B at 14. The policy also excludes from personal liability coverage, "bodily injury or property damage ... which is expected or intended by any insured." *Id.* "Insured" is defined as "you and the following residents of your household: a. your relatives; b. any other person under the age of 21 who is in the care of any person named above." *Id.* at 1. Finally, the policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same generally harmful conditions which results, during the policy period, in a. bodily injury; or b. property damage." *Id.*

Under the second part of the test, the Court must assess whether the lawsuit alleges action that is covered by the insurance policy. Generally, courts look to the allegations made in the complaint; however, courts may also consider extrinsic evidence. *Utica Mut. Ins. Co.,* 130 Md.App. at 383, 746 A.2d at 940.

Plaintiff presents two arguments why the Court should enter a judgment as a matter of law that Standard Fire has no duty to provide coverage to Defendants in the underlying tort suit: (1) the negligence claim in the Lockhart Complaint is merely an attempt to characterize intentional acts as negligence; and (2) in the event that a jury finds Mr. Proctor did not commit the intentional acts, his son's intentional acts would, nevertheless, preclude Standard Fire's duty to reimburse Mr. Proctor for the costs of his defense.

### a. Duty to Defend/Indemnify Negligence Claim

Maryland law generally disfavors declaratory judgment actions brought by liability insurers requesting that a court decide an insurance issue that is identical to an issue pending in the underlying suit. *Blue Ridge Ins. Co. v. Puig,* 64 F.Supp.2d 514, 516 (D.Md.1999). Courts, however, have carved out exceptions to this rule. The Court of Appeals has stated that an insurer is entitled to a summary judgment declaring it has no duty to defend an insured where it is "manifestly clear that in the underlying tort suit the petitioner cannot allege facts giving rise to a potentiality of coverage." *Pettit v. Erie Ins. Exch.,* 349 Md. 777, 780, 709 A.2d 1287, 1289 (1998). In other words, a pretrial declaratory judgment is appropriate where the allegations of the complaint fall outside the parameters of the insurance policy, and "as a matter of law" are excluded from the policy. *First Fin. Ins. Co. v. GLM, Inc.,* 88 F.Supp.2d 425, 429 (D.Md.2000) (citing *Allstate Ins. Co. v. Atwood,* 319 Md. 247, 254–55, 572 A.2d 154 (1990)..)

In particular, both the Court of Appeals of Maryland and this Court have indicated that "[w]here the allegations in the tort suit against the insured obviously constitute a patent attempt to recharacterize, as negligent, an act that is clearly intentional ... declaratory judgment action prior to the trial of the tort case is permissible." *Atwood,* 319 Md. at 253, 572 A.2d 154; *Blue Ridge Ins. Co.,* 64 F.Supp.2d at 516; *Lititz Mutual Ins. Co. v. Bell,* 352 Md. 782, 792, 724 A.2d 102, 107 (1999). In these cases, the courts expressed concern that since both parties to an underlying tort suit share a common interest in the applicability of the insurance coverage, the parties stand to benefit from a jury's determination that clearly intentional actions constitute negligence. *Atwood,* 319 Md. at

253, 572 A.2d at 157; *Blue Ridge Ins. Co.,* 64 F.Supp.2d at 516–17. This common interest could result in the parties' steering the jury toward finding negligence instead of intentional torts.

■ The Court finds that, in the present case, a recharacterization of intentional acts is at work in the Lockhart Complaint. The complaint states a claim for negligence that is not supported by Maryland law. The Lockhart Complaint claims that Defendants' actions constituted negligence based on (1) Mr. Proctor's negligent assessment of the situation which "set [him] out on a course of conduct that was misguided and negligent"; (2) Mr. Proctor's failure to "promptly and properly communicate with and advise his son Gary W. Proctor that he was neither threatened by or in danger from Kevin Lockhart and that Kevin Lockhart was not seeking to start a fight"; and (3) Gary Lockhart's negligent assessment of the situation which "set [him] out on a course of conduct that was misguided and negligent." Pl. Exh. A at 5. Mr. Lockhart further alleges that the Defendants "owed a duty of care to Kevin Lockhart not to start a fight or to hit or beat him without a legally justifiable cause to do so." *Id.*

Mr. Lockhart's mere allegation of negligence is not sufficient to establish Standard Fire's duty to defend. Indeed, "[i]t is the substance of the underlying claim, not its label, that controls in duty-to-defend and coverage cases." *Travelers Indem. Co. of Amer. v. Jim Coleman Auto. of Columbia, LLC,* 236 F.Supp.2d 513, 516 (D.Md.2002); *see also Blue Ridge Ins. Co.,* 64 F.Supp.2d at 517 ("where the undisputed facts of a case clearly support a finding of an intentional tort as a matter of law ... declaratory relief is appropriate and ... the insurer has no duty to defend, regardless of how the plaintiff in the underlying tort suit frames the complaint.").

■ It is axiomatic that negligence requires the presence of a legally cognizable duty. *See, e.g., West Virginia Cent. & P.R. v. State ex rel. Fuller,* 96 Md. 652, 666, 54 A. 669, 671–72 (1903) ("'there can be no negligence where there is no duty that is due; for negligence is the breach of some duty that one person owes another.'"); *Bauman v. Woodfield,* 244 Md. 207, 218, 223 A.2d 364, 370 (1966) ("In negligence cases, it is incumbent upon the Plaintiff to produce some evidence that the defendant violated some duty by his act or omission and thereby caused the injury.") The Court finds no duty under Maryland law to refrain from starting or participating in a physical confrontation. Further, Maryland law does not recognize a duty for private citizens, who lack any special relationship,[2] to assess a situation in a manner that prevents a confrontation.

The altercation at issue in the underlying suit falls squarely within the confines of intentional torts, and the addition of this negligence claim appears to be little more than an attempt to recharacterize intentional acts as negligent in order to ensure mutually beneficial coverage by Standard Fire's policy. Thus, this Court finds that Maryland law does not support a negligence claim based on a party's failure to correctly assess a situation and a failure to prevent and/or not participate in a physical altercation, and thus, as a matter of law,

---

2. A "legally cognizable special relationship" may be established in three ways: "(1) by statute or rule, *McCray v. Maryland,* 456 F.2d 1 (4th Cir.1972); (2) by contractual or other private relationship, *Rosenblatt [v. Exxon Co., USA,* 335 Md. 58, 642 A.2d 180 (1994)]; or (3) indirectly or impliedly by virtue of the relationship between the tortfeasor and a third party, *Hartford Ins. Co. v. Manor Inn of Bethesda, Inc.,* 335 Md. 135, 642 A.2d 219 (1994)." *Bobo v. Maryland,* 346 Md. 706, 715, 697 A.2d 1371, 1376 (1997).

the negligence claim is excluded from the Standard Fire policy.

### b. Intentional Acts of Insured Parties

Mr. Proctor does not dispute that, under the terms of the insurance policy, Standard Fire is not obligated to indemnify him if the basis of liability is his intentional conduct. As such, he agrees that Standard Fire has no duty to indemnify Mr. Procter if a verdict is entered against him on the assault, battery, and intentional infliction of emotional distress claims. Mr. Proctor, however, maintains that Standard Fire must reimburse him for his defense of those claims if the fact-finder decides that his acts were *not* intentional. Mr. Proctor bases this contention on the policy section entitled "Coverage E—Personal Liability" which states that Standard Fire must indemnify the insured for liability and provide a defense for damages claims based on bodily injury "even if the claim or suit is false." *See* Pl. Exh. B, at 14. According to Mr. Proctor, the exclusion for intentional conduct would not apply if a jury agrees with his contentions that he lacked the intent required under the intentional tort claims, and thus, the general liability coverage would apply. This argument, however, fails on two grounds.

First, the obligation of an insurer to defend an insured under such a general liability provision "is determined by the allegations in the tort action." *Brohawn,* 276 Md. at 396, 407–08, 347 A.2d 842. "If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to defend." *Id.* It follows that if the plaintiff has *not* alleged a claim covered by the policy, the insurer has *no* duty to

defend. *Pyles v. Penn. Manufacturers' Assoc. Ins. Co.,* 90 Md.App. 320, 326, 600 A.2d 1174, 1177 (1992) ("Since appellant *did not allege* any claims potentially covered by the policies ... appellee had no duty to defend.") (emphasis added). As Mr. Lockhart admits, personal liability for injury based on intentional acts is not covered by the Standard Fire policy. Since the Lockhart Complaint alleges intentional acts, no potential for coverage under the policy exists, and Standard Fire is not obligated to defend the defendants.[3]

Second, the Court agrees with Plaintiff's contention that Mr. Proctor is barred from coverage by the insurance policy as a direct result of Gary Proctor's intentional actions. Plaintiff points to the policy's exclusionary language which states that personal liability coverage does not apply to bodily injury "which is expected or intended by any insured." Pl. Exh. B, at 14. The policy defines an "insured" as "you and the following residents of your household: a. relatives; b. any other person under the age of 21 who is in the care of any person named above." *Id.* Gary Proctor resided at all relevant times in Mr. Proctor's household, and therefore was "an insured" under the policy.

Standard Fire argues that the use of the terms "any insured" instead of "the insured" expresses a contractual intent to create joint obligations on the part of co-insureds and to prohibit recovery by an innocent insured due to his co-insured's uncovered actions. Mr. Proctor responds that "any insured" should be read together with the policy provision that states "[t]his insurance applies separately to each in-

---

**3.** The Maryland Court of Special Appeals has recognized the absurdity of an analogous argument that, where the policy contained an exclusion for claims of liability for money received, the insurer had a duty to defend until the insured was determined liable in the underlying suit. In *Utica Mut. Ins. Co.,* the

court rejected the argument and explained: "To hold otherwise would render the exclusion meaningless in the sense that the insurer will always be required to defend whenever an insured denies liability for an activity for which there is not coverage provided." 130 Md.App. at 384, 746 A.2d at 941.

sured." *See* Pl. Exh. B, at 18. Mr. Proctor maintains that the only way to give effect to all of the terms of the policy, *see Simkins Industries, Inc. v. Lexington Ins. Co.*, 42 Md.App. 396, 401 A.2d 181 (1979), is to construe the "any insured" language in such a way that one co-insured is not removed from coverage due to the acts of another co-insured.

■ In Maryland, insurance contracts are construed as a whole to ascertain the parties' intentions. *Cheney v. Bell Nat'l Life*, 315 Md. 761, 766–67, 556 A.2d 1135 (1989). Words are also accorded their "customary, ordinary, and accepted meaning," unless otherwise indicated. *Id.* Furthermore, if a reasonably prudent layperson would attach more than one meaning to the insurance policy's language, it is ambiguous. *Collier v. MD–Individual Practice*, 327 Md. 1, 607 A.2d 537 (1992); *Pacific Indem. v. Interstate Fire & Cas.*, 302 Md. 383, 488 A.2d 486 (1985). Finally, while Maryland does not require that an insurance policy be construed strongly against the insurer, this Court has recognized that if ambiguity remains after examination of extrinsic evidence, the policy will be construed against the insurer as the drafter of the instrument. *See Bushey v. Northern Assurance Co. of Amer.*, 362 Md. 626, 766 A.2d 598 (2001).

The Maryland courts have not directly addressed the construal of "any insured.".[4] Jurisdictions have taken differing approaches to construing this language. For example, in *Worcester Mutual Ins. Co. v. Marnell*, 398 Mass. 240, 496 N.E.2d 158 (1986), the Massachusetts Supreme Court concluded that where the homeowners insurance policy contains an automobile exclusion for "any insured," as well as a severability clause, "each insured should be treated as having separate insurance coverage." *Worcester Mutual Ins. Co.*, 496 N.E.2d at 161.

■ This Court, however, agrees with the majority of jurisdictions who have taken the alternative approach and interpreted "any insured" as unambiguously expressing " 'a contractual intent to create joint obligations and to prohibit recovery by an innocent co-insured.' " *See, Chacon v. Amer. Family Mut. Ins. Co.*, 788 P.2d 748, 751 (Colo.1990) (citing *Sales v. State Farm Fire & Casualty Co.*, 849 F.2d 1383, 1385 (11th Cir.1988)) (citations omitted).[5] In *Chacon*, the homeowner's policy indicated that personal liability coverage did not extend to "bodily injury or property damage ... which is expected or intended by any *insured,*" and included a severability clause providing that "each person described above is a separate insured under

4. The Maryland Court of Appeals has, however, addressed the meaning of "an insured" in an insurance policy. In *Litz v. State Farm Fire & Casualty Co.*, 346 Md. 217, 695 A.2d 566 (1997), this Court concluded that, "the business pursuits of 'an' insured disqualify only that insured from coverage in the event of property damage or bodily injury resulting from the business pursuit; other insureds, i.e., those not engaging in a business pursuit, remain covered under the policy." *Litz*, 346 Md. at 229, 695 A.2d 566. In support of this conclusion, this Court cited *McFarland v. Utica Fire Ins. Co.*, 814 F.Supp. 518 (S.D.Miss. 1992), which distinguished between clauses excluding "an insured" from those excluding "any insured," and stated that "one may rea-

sonably conclude that the exclusion provision is directed only at the acting insured," where "[t]he language of the exclusion withholds coverage for 'an' act committed by 'an' insured, not 'an' act committed by 'any' insured." *McFarland*, 814 F.Supp. at 525.

5. *See also, Randolf v. Grange Mut. Casualty Co.*, 57 Ohio St.2d 25, 11 Ohio Op.3d 110, 385 N.E.2d 1305 (1979); *Farmers Ins. Co. v. Edie*, 52 Wash.App. 411, 763 P.2d 454 (1988); *Spezialetti v. Pacific Employers Ins. Co.*, 759 F.2d 1139, 1140 (3d Cir.1985); *McCauley Enterprises v. New Hampshire Ins. Co.*, 716 F.Supp. 718 (D.Conn.1989); *State Farm Fire & Cas. Co. v. Wolford*, 116 A.D.2d 1011, 498 N.Y.S.2d 631 (1986).

this policy." *Id.* at 750. The court indicated that a severability clause "is not inconsistent with the creation of a blanket exclusion for intentional acts." *Id.* at 752 n. 6.[6] Furthermore, the court concluded that the "any insured" provision "clearly and unambiguously expresses an intention to deny coverage to all insured when damage is intended or expected as a result of the actions of any insured." *Id.* at 752.

Similarly, this Court finds that Standard Fire's insurance policy's exclusion from liability coverage "any insured" who "expected or intended" the bodily injury precludes coverage for Mr. Proctor, where the injury resulted from the intentional acts of Gary W. Proctor, the co-insured.

## IV. Conclusion

Having determined that no grounds exist for coverage of the underlying tort suit by the Standard Fire policy, the Court must hold that Plaintiff is not obligated to defend and/or indemnify Defendants. This Court follows Maryland precedent that activity ringing of intentional torts cannot be shrouded in an negligence claim for the purposes of acquiring coverage under an insurance policy. Furthermore, this Court is persuaded by numerous jurisdictions' conclusions that the language "any insured" creates joint liability between the insured parties such that one party's acts may result in exclusion of coverage for an innocent co-insured.

An order consistent with this Opinion will follow.

### ORDER

For the reasons stated in the accompanying Memorandum Opinion, dated October 7, 2003, IT IS this 7th day of October, in the United States District Court for the District of Maryland **ORDERED THAT:**

1. That Plaintiff's Motion to Strike Defendant's Surreply To Motion For Summary [19] BE, and the same hereby IS, **DENIED**; AND;

2. Plaintiff's Motion for Summary Judgment [11] BE, and the same hereby IS, **GRANTED**; AND;

3. Defendant Cornelius R. Proctor's Cross–Motion for Partial Summary Judgment [18] BE, and the same hereby is **DENIED**; AND;

4. That the Clerk of the Court **CLOSE** this case; AND;

5. That the Clerk of the Court transmit a copy of this Order to all counsel and parties of record.

---

6. The severability clause in *Chacon* is identical to the clause in the policy issued by Standard Fire.